Oliver M. Gold, Bar No. 279033
OGold@perkinscoie.com
**PERKINS COIE LLP**
1888 Century Park East, Suite 1700
Los Angeles, CA 90067-1721
Telephone: 310.788.9900
Facsimile: 310.788.3399

Autumn N. Nero (admitted *pro hac vice*)
ANero@perkinscoie.com
**PERKINS COIE LLP**
1 East Main Street, Suite 201
Madison, WI 53703
Telephone: 608.663.7460
Facsimile: 608.663.7499

Attorneys for Defendant
TREK BICYCLE CORPORATION

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAKE HIM SMILE, INC., a California corporation,<br><br>                    Plaintiff,<br>    v.<br><br>TREK BICYCLE CORPORATION, a Wisconsin corporation; and DOES 1 through 1000, inclusive,<br><br>                    Defendants. | Case No.: 2:17-cv-07136-RGK (KS)<br><br>**DEFENDANT TREK BICYCLE CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**<br><br>Complaint Filed: September 11, 2017 |

Defendant Trek Bicycle Corporation ("Trek") responds to Plaintiff Make Him Smile, Inc.'s ("Plaintiff") Complaint ("Complaint") as follows:

## THE PARTIES

1. Trek lacks knowledge or information sufficient to form a belief regarding the allegations in paragraph 1, and therefore denies them.

2. Trek admits the allegations in paragraph 2.

3. Trek denies the allegations in paragraph 3 as they apply to it specifically and lacks knowledge or information sufficient to form a belief regarding the remaining allegations in paragraph 3, and therefore denies them.

4. Trek denies the allegations in paragraph 4 as they apply to Trek specifically. Trek lacks knowledge or information sufficient to form a belief regarding the remaining allegations in paragraph 4, and therefore denies them.

5. Trek denies the allegations in paragraph 5 as they apply to Trek specifically. Trek lacks knowledge or information sufficient to form a belief regarding the remaining allegations in paragraph 5, and therefore denies them.

## JURISDICTION AND VENUE

6. Trek denies that jurisdiction was proper in the Superior Court of California, in which Plaintiff initially filed its claims. Trek admits that this Court has original jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and 1338, and has jurisdiction over Plaintiff's remaining claims pursuant to 28 U.S.C. § 1332. To the extent a further response is required, Trek denies the remaining allegations in paragraph 6.

7. The allegations of paragraph 7 constitute legal conclusions to which no response is required. To the extent a response is required, Trek admits that it conducts and has conducted business in this judicial district. Trek denies the remaining allegations in paragraph 7.

## COMMON FACTUAL ALLEGATIONS

8. No response is required to the allegations of paragraph 8.

9. Trek admits the allegations in paragraph 9.

10. Trek admits that it designs, builds, markets, sells, advertises, and promotes its line of all-terrain bikes and further admits that its all-terrain bikes "have design and components attributes that make them more agile and adept at traversing unpaved terrains," as alleged. Trek denies that it "prominently features the name and brand 'Farley'" on all all-terrain bikes it manufactures, but admits that certain of those all-terrain bikes bear that moniker. To the extent a further response is required, Trek denies the allegations of paragraph 10.

11. Trek admits that it designs, builds, markets, sells, advertises, and promotes a line of all-terrain bikes and related products bearing the brand name "Farley." However, Trek denies Plaintiff's characterization of the "Farley IP," including without limitation Plaintiff's allegation that Trek products, packaging, shipping materials, labels, marketing and advertising materials "prominently display the brand name 'Farley.'" To the extent a further response is required, Trek lacks knowledge or information sufficient to form a belief regarding the allegations in paragraph 11, and therefore denies them.

12. Trek lacks knowledge or information sufficient to form a belief regarding the allegations in paragraph 12, and therefore denies them.

13. On information and belief, Trek admits the California Secretary of State register includes a record that appears to indicate that on or about June 20, 2017, Plaintiff filed a Registration of Claim as Successor-In-Interest. To the extent a further response is required, Trek lacks knowledge or information sufficient to form a belief regarding the allegations in paragraph 13, and therefore denies them.

14. Trek denies Plaintiff's allegation that "[a]t the time of his death, [Chris] Farley was domiciled in the State of California, County of Los Angeles"

and that "the Farley IP Rights acquired tremendous commercial value." Relative to the remaining allegations in paragraph 14, Trek lacks knowledge or information sufficient to form a belief regarding those allegations, and therefore denies them.

15. Trek denies the allegations of Paragraph 15.

16. Trek lacks knowledge or information sufficient to form a belief regarding the allegations in paragraph 16, and therefore denies them.

17. Trek denies the allegations of Paragraph 17.

18. Trek lacks knowledge or information sufficient to form a belief regarding the allegations in paragraph 18, and therefore denies them.

19. Trek lacks knowledge or information sufficient to form a belief regarding the allegations in paragraph 19, and therefore denies them.

20. Trek denies the allegations in paragraph 20.

21. Trek lacks knowledge or information sufficient to form a belief regarding the allegations in paragraph 21, and therefore denies them.

22. Trek lacks knowledge or information sufficient to form a belief regarding the allegations in paragraph 22, and therefore denies them.

23. Trek denies that its CEO, John Burke, is the majority shareholder of Trek. Trek admits that Mr. Burke currently lives in the Village of Maple Bluff, Wisconsin. Trek lacks knowledge or information sufficient to form a belief regarding the remaining allegations in paragraph 23, and therefore denies them.

24. Trek objects to and denies Plaintiff's characterization of the "Farley family" and the "Burke family," on the grounds they are vague and ambiguous and overbroad. Trek admits that certain members of Mr. Burke's family now live in the Village of Maple Bluff, where Trek is informed and believes that certain members of Chris Farley's family also live. Trek is further informed and believes that all residents of the Village of Maple Bluff automatically have access to the Maple Bluff Country Club. Trek denies Plaintiff's allegation that members of the Farley and Burke families "have known, and socialized, with one another over many

decades." To the extent a further response is required, Trek lacks knowledge or information sufficient to form a belief regarding the allegations in paragraph 24, and therefore denies them.

25. Trek denies Plaintiff's characterization of "Farley IP." Trek admits that it has not obtained any license from Plaintiff relative to the use of the word "Farley." Trek denies the remaining allegations of Paragraph 25, including without limitation the implication that Trek was required in any way to pay money to, or seek a license from Plaintiff prior to using the word "Farley," in connection with a line of all-terrain bikes and related products, that Trek selected the word "Farley" to "immediately associate" its line of all-terrain bikes with Chris Farley, or that consumers and the industry as a whole associate Trek's Farley line of bikes with Chris Farley.

26. Trek denies the allegations of Paragraph 26.

27. Trek denies the allegations in paragraph 27.

28. Trek denies the allegations in paragraph 28.

29. Trek denies the allegations in paragraph 29.

30. Trek denies the allegations in paragraph 30.

31. Trek denies Plaintiff's characterization of the "Farley IP," and denies that "[Chris] Farley, Plaintiff, or any other person or entity associated with them," is or ever was entitled to receive any compensation or consideration from Trek. To the extent a further response is required, Trek lacks knowledge or information sufficient to form a belief regarding the allegations in paragraph 31, and therefore denies them.

32. Trek denies Plaintiff's characterization of the "Farley IP," and denies that Trek employs any intellectual property belonging to Plaintiff whatsoever in connection with the marketing and sale of Trek's products. Trek admits that it markets and sells a line of all-terrain bikes bearing the brand name "Farley," and further admits that the Farley line of all-terrain bikes comprises several models of

bicycles and framesets.  Trek denies that each of its all-terrain bike models and framesets are promoted and marketed as new product.  Trek denies that the launch of Trek's Farley line of all-terrain bikes commenced in October of 2015—the product launch took place in the 2013.  Trek denies the remaining allegations in paragraph 32 as they relate to Trek.  To the extent a further response is required, Trek lacks knowledge or information sufficient to form a belief regarding the allegations in paragraph 32, and therefore denies them.

33.  Trek denies Plaintiff's characterization of the "Farley IP."  Trek further denies that articles and reviews of Trek's products "routinely include statements that [Trek's products] were, in fact, inspired by, and named after [Chris] Farley."  Trek denies the remaining allegations in paragraph 33 as they relate to Trek, and lacks knowledge or information sufficient to form a belief regarding the remaining allegations in paragraph 33, and therefore denies them.

34.  The allegations of paragraph 34 constitute legal conclusions and argument to which no response is required.  To the extent a response is required, Trek denies Plaintiff's characterization of the "Farley IP," but admits that Trek has the right to use the word, "Farley" in connection with its products.  Trek denies the remaining allegations of paragraph 34.

35.  Trek refers to the written communication mentioned in paragraph 35 for its content and meaning.  Trek further admits that it recalled approximately 2,600 of its bicycles to comply with its obligations under the United States Consumer Product Safety Act.  To the extent a further response is required, Trek denies the remaining allegations in paragraph 35.

36.  The allegations of paragraph 36 constitute legal conclusions and argument to which no response is required.  To the extent a response is required, Trek denies the allegations in paragraph 36.

37.  No response is required to the allegations of this paragraph.  To the extent a response is required, Trek denies the allegations in paragraph 37.

**FIRST PURPORTED CLAIM**

**Common Law Misappropriation**

38. Plaintiff has conceded that its common law misappropriation claim fails as a matter of law and stipulated to striking the claim from its Complaint. *See* Order Denying Mot. Dismiss, Jan. 18, 2018, Dkt. 27, Page ID# 294. Accordingly, no response is required to the allegations of this paragraph. To the extent a response is required, Trek denies the allegations in paragraph 38.

39. Plaintiff has conceded that its common law misappropriation claim fails as a matter of law and stipulated to striking the claim from its Complaint. *Id.* Accordingly, no response is required to the allegations of this paragraph. To the extent a response is required, Trek denies the allegations in paragraph 39.

40. Plaintiff has conceded that its common law misappropriation claim fails as a matter of law and stipulated to striking the claim from its Complaint. *Id.* Accordingly, no response is required to the allegations of this paragraph. To the extent a response is required, Trek denies the allegations in paragraph 40.

41. Plaintiff has conceded that its common law misappropriation claim fails as a matter of law and stipulated to striking the claim from its Complaint. *Id.* Accordingly, no response is required to the allegations of this paragraph. To the extent a response is required, Trek denies the allegations in paragraph 41.

42. Plaintiff has conceded that its common law misappropriation claim fails as a matter of law and stipulated to striking the claim from its Complaint. *Id.* Accordingly, no response is required to the allegations of this paragraph. To the extent a response is required, Trek denies the allegations in paragraph 42.

43. Plaintiff has conceded that its common law misappropriation claim fails as a matter of law and stipulated to striking the claim from its Complaint. *Id.* Accordingly, no response is required to the allegations of this paragraph. To the extent a response is required, Trek denies the allegations in paragraph 43.

44. Plaintiff has conceded that its common law misappropriation claim

1 fails as a matter of law and stipulated to striking the claim from its Complaint. *Id.* Accordingly, no response is required to the allegations of this paragraph. To the extent a response is required, Trek denies the allegations in paragraph 44.

45. Plaintiff has conceded that its common law misappropriation claim fails as a matter of law and stipulated to striking the claim from its Complaint. *Id.* Accordingly, no response is required to the allegations of this paragraph. To the extent a response is required, Trek denies the allegations in paragraph 45.

46. Plaintiff has conceded that its common law misappropriation claim fails as a matter of law and stipulated to striking the claim from its Complaint. *Id.* Accordingly, no response is required to the allegations of this paragraph. To the extent a response is required, Trek denies the allegations in paragraph 46.

47. Plaintiff has conceded that its common law misappropriation claim fails as a matter of law and stipulated to striking the claim from its Complaint. *Id.* Accordingly, no response is required to the allegations of this paragraph. To the extent a response is required, Trek denies the allegations in paragraph 47.

48. Plaintiff has conceded that its common law misappropriation claim fails as a matter of law and stipulated to striking the claim from its Complaint. *Id.* Accordingly, no response is required to the allegations of this paragraph. To the extent a response is required, Trek denies the allegations in paragraph 48.

## SECOND PURPORTED CLAIM

### Violation of Civil Code Section 3344.1

49. Trek repeats and realleges its responses to paragraphs 1–48, above. No further response is required to the allegations of this paragraph.

50. Trek denies the allegations in paragraph 50.

51. Trek denies the allegations in paragraph 51.

52. Trek denies the allegations in paragraph 52.

53. Trek denies the allegations in paragraph 53.

54. Trek denies the allegations in paragraph 54.

55. Trek denies the allegations in paragraph 55.

56. Trek denies the allegations in paragraph 56.

## THIRD PURPORTED CLAIM

### False Endorsement in Violation of the Lanham Act

57. Trek repeats and realleges its responses to paragraphs 1–56, above. No further response is required to the allegations of this paragraph.

58. Trek denies the allegations in paragraph 58.

59. Trek denies the allegations in paragraph 59.

60. Trek denies the allegations in paragraph 60.

61. Trek denies the allegations in paragraph 61.

62. Trek denies the allegations in paragraph 62.

63. Trek denies the allegations in paragraph 63.

64. Trek denies the allegations in paragraph 64.

65. Trek denies the allegations in paragraph 65.

66. Trek denies the allegations in paragraph 66.

## FOURTH PURPORTED CLAIM

### Unlawful Business Practices in Violation of California Business and Professions Code Section 17200

67. Trek repeats and realleges its responses to paragraphs 1–66, above. No further response is required to the allegations of this paragraph.

68. Trek denies the allegations in paragraph 68 as they apply to it specifically and lack knowledge or information sufficient to form a belief regarding the remaining allegations in paragraph 68, and therefore denies them.

69. Trek denies the allegations in paragraph 69.

70. Trek denies the allegations in paragraph 70.

71. Trek denies the allegations in paragraph 71.

## PRAYER FOR RELIEF

Trek denies each and every allegation, averment, conclusion of law, and statement not specifically admitted above. Trek also denies that Plaintiff suffered damages and denies that Plaintiff is entitled to any relief by statute, law, equity, or otherwise, from Trek.

## TREK'S AFFIRMATIVE DEFENSES

Without assuming the burden of proof on any matters that would otherwise rest with Plaintiff, and expressly denying any and all wrongdoing, Trek further responds to Plaintiff's Complaint by alleging the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

### (Unclean Hands)

1. Plaintiff is not entitled to equitable relief because it has acted with unclean hands in this matter. Specifically, Plaintiff would be recovering damages to which it is not entitled because it is aware that Chris Farley died domiciled in the State of Illinois, not California. Chris Farley's Illinois probate records establish that he was domiciled in Illinois at the time of death. On January 21, 2008, Chris Farley's mother, Mary Anne Farley—who served as the CEO of Plaintiff at the time of probate, and remains a director—initiated the Illinois probate by filing a Petition for Letters of Administration in the Circuit Court of the Cook County, Illinois County Department − Probate Division. Under penalty of perjury, Ms. Farley's Petition declared: "CHRISTOPHER C. FARLEY, whose place of residence at the time of death was 875 North Michigan Avenue, Chicago, Cook County, Illinois, died DECEMBER 18, 1997, at Chicago, Illinois leaving no will." Pursuant to the Petition, Chris Farley's father, Thomas J. Farley, was appointed as the independent administrator of his estate and he also declared under penalty of perjury that Chris Farley "died a resident of Cook County, Illinois on December 18, 1997 at the age of 33 years." The sworn statements of Chris Farley's parents as probate petitioner and administrator establish that Chris Farley died as a domiciliary

of Illinois. Under Illinois law, no post-mortem right of publicity exists for persons who died before 1999. Therefore, Plaintiff knew or should have known that all rights of publicity and associated rights under the Lanham Act extinguished upon Chris Farley's death.

## SECOND AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

2. Plaintiff's claims are barred, in whole or in part, because Plaintiff would be unjustly enriched if it were allowed to recover any part of the damages alleged. Specifically, Plaintiff would be recovering damages to which it is not entitled because Chris Farley died domiciled in the State of Illinois, not California.

## THIRD AFFIRMATIVE DEFENSE
### (Estoppel)

3. Plaintiff's Complaint, and each purported claim therein, is barred, in whole or in part, by the doctrine of estoppel. The sworn statements of Chris Farley's parents as probate petitioner and administrator of Chris Farley's estate establish that Chris Farley died as a domiciliary of Illinois. Plaintiff claims to be the successor in interest of the putative rights of Chris Farley's estate. Plaintiff is therefore judicially estopped from inconsistently asserting that Chris Farley died a domiciliary of California in order to support its claims.

## FOURTH AFFIRMATIVE DEFENSE
### (Adequacy of Remedy at Law / No Injunctive Relief)

4. Plaintiff's claim for injunctive relief is barred in light of the fact that it has an adequate remedy at law, and therefore is not entitled to equitable relief. Plaintiff's claim for injunctive relief is also barred in light of the fact that it has not suffered and will not suffer irreparable harm due to any alleged conduct by Trek. Trek disputes that Plaintiff suffered any harm whatsoever; but if it is able to prove harm, it has an adequate remedy at law in the form of monetary damages.

## FIFTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

5. Plaintiff's claims for relief may be barred by the applicable statute of limitations. Plaintiff alleges its awareness of Trek's Farley line of all-terrain bikes being on the market in 2013. Specifically, Plaintiff alleges, among other things, that Trek recalled approximately 2,600 Farley bicycles and framesets, and alleges that Plaintiff has been damaged as a result. On information and belief, notwithstanding Plaintiff's awareness of Trek's use of the word Farley in 2013 and its allegation that such use caused Plaintiff harm, Plaintiff sat on its purported rights and waited until September of 2017 before filing its Complaint. Under Illinois law, which Trek maintains governs Plaintiff's claim due to Chris Farley having been domiciled in Illinois at the time of death, right of publicity claims are subject to a one-year statute of limitations. *Blair v. Nevada Landing P'ship*, 859 N.E.2d 1188, 1192 (Ill. App. 2d Dist. 2006). Under California law, which Plaintiff contends is the governing law the statute of limitations for a right of publicity claim under Section 3344.1, is two years. Finally, the Lanham Act "borrows a state limitations period as a statute of limitations defense," and "if a [Lanham Act] claim is filed within the analogous state limitations period, the strong presumption is that laches is inapplicable; if the claim is filed after the analogous limitations period has expired, the presumption is that laches is a bar to suit." *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 836–37 (9th Cir. 2002). Accordingly, either the relevant state law statute of limitations or laches bars Plaintiff's claims.

## SIXTH AFFIRMATIVE DEFENSE

### (Laches)

6. Plaintiff's Complaint, and each purported claim therein, is barred, in whole or in part, by the doctrine of laches. Plaintiff alleges purported injury as a result of Trek's use of the word "Farley" for its products as early as in 2013, yet Plaintiff waited until September of 2017 before filing its Complaint. *See Jarrow*

*Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 837–38 (9th Cir. 2002) ("We hold that the presumption of laches is triggered if any part of the claimed wrongful conduct occurred beyond the limitations period" and "in determining the presumption for laches, the limitations period runs from the time the plaintiff knew or should have known about his [claim].").

### SEVENTH AFFIRMATIVE DEFENSE
### (Nominative Fair Use)

7. Plaintiff's Lanham Act claim is barred by the nominative fair use defense. The nominative fair use analysis is appropriate where a defendant has used the plaintiff's mark to describe the plaintiff's product or service, even if the defendant's ultimate goal is to describe his own product. Plaintiff's product or service in question—Chris Farley—is not readily identifiable without at least a reference to his name. Additionally, only so much of the purported mark has been used as is reasonably necessary to identify the Plaintiff's product or service. And finally, Plaintiff does not contend that Trek did anything that would, in conjunction with the use of the purported mark, suggest any sponsorship or endorsement by Chris Farley or Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE
### (Invalid Mark)

8. Plaintiff's Lanham Act claim is barred because Plaintiff's purported mark is invalid.

### NINTH AFFIRMATIVE DEFENSE
### (First Amendment)

9. One or more claims asserted by Plaintiff are barred because any alleged use by Trek of the word "Farley" in relation with its products was protected by the First Amendment.

## TENTH AFFIRMATIVE DEFENSE

### (Speculative Damages)

10. Plaintiff is not entitled to recover the damages it seeks by way of its Complaint because they are speculative. Specifically, Plaintiff is seeking to recover lost profits or damages that are completely speculative in nature.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Attorneys' Fees)

11. Plaintiff is not entitled to recover attorneys' fees because Plaintiff has not set forth a sufficient factual or legal basis for the recovery of attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Trek prays for judgment as follows:

A. That Plaintiff's claims be dismissed with prejudice ;

B. That Plaintiff take nothing by way of its Complaint;

C. That judgment be entered in favor of Trek and against Plaintiff;

D. That Trek be awarded its costs of suit, including reasonable attorneys' fees; and

E. That the Court award Trek such other and further relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Trek demands a trial by jury of all issues so triable.

DATED: February 1, 2018

**PERKINS COIE LLP**

By: */s/ Oliver M. Gold*
   Autumn N. Nero
   Oliver M. Gold

Attorneys for Defendant
Trek Bicycle Corporation